UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

MOSIAH L. ARMSTRONG, )
)
    Petitioner, )
)
v. ) No.: 2:14-cv-264
) *Judge Jordan*
SULLIVAN COUNTY, [TENN.], )
)
    Respondent. )

## ORDER

This is a *pro se* prisoner's fee-paid petition for a writ of habeas corpus under 28 U.S.C. § 2254. The Clerk is **DIRECTED** to serve copies of the petition and this Order upon the Attorney General for the State of Tennessee. For the following reasons, however, respondent is not ordered to answer or respond to the petition and it will be **DISMISSED without prejudice**.

Petitioner challenges the legality of his confinement under a Sullivan County Criminal Court judgment, entered July 27, 2014, revoking his probation and requiring him to serve seven (7) years imprisonment on his original robbery offense, (Doc. 1).

A state prisoner's petition for a writ of habeas corpus will not be granted, unless he demonstrates that he has exhausted his available state court remedies, or that there is an absence of state corrective process, or that resort to those remedies would be futile. 28 U.S.C. § 2254(b)(1); *Rose v. Lundy*, 455 U.S. 509 (1982). Tennessee affords a remedy for a prisoner, like petitioner, who claims that his probationary sentence was imposed in violation of his rights. *See, e.g., State v. Lubecke*, 2014 WL 1018188 (Tenn. Crim. App. Mar. 17, 2014). Even where a petitioner files an untimely notice of appeal in the trial court, as possibly would be the case here,

the Tennessee Court of Criminal Appeals may waive the untimely filing in the interest of justice. *See, e.g., State v. Broyld*, 2005 WL 3543415, *1 (Tenn. Crim. App. Dec. 27, 2005).

The face of the petition indicates that petitioner has not sought any relief in the Tennessee courts and, indeed, it would have been impossible for him to have exhausted his state court remedies in the short period of time which has elapsed since the challenged judgment was entered. Accordingly, because petitioner has failed to bear his burden of showing exhaustion, *see Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994), a separate order will enter dismissing this petition without prejudice *sua sponte* for non-exhaustion of state remedies.

Finally, as a precondition to filing an appeal, a petitioner must obtain a certificate of appealability ("COA"). 28 U.S.C. § 2253(a) and (c). To be issued a COA, a petitioner whose claims have been rejected on a procedural basis, as is the case here, must demonstrate that reasonable jurists would debate the correctness of the Court's procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Porterfield v. Bell*, 258 F.3d 484, 485-86 (6th Cir. 2001). Given the firm procedural basis upon which is based the dismissal of this petition, the Court finds that jurists of reason would not conclude the disposition of this case is debatable or wrong and declines to issue a COA.

**ENTER:**

_____
LEON JORDAN
UNITED STATES DISTRICT JUDGE